UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| BOYCE SINGLETON, | : | |
| --- | --- | --- |
| Petitioner, | : | Civ. No. 17-10729 (RBK) |
| v. | : | |
| STEVEN JOHNSON, et al., | : | **OPINION** |
| Respondents. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court on Petitioner Boyce Singleton's motion to stay his petition under 28 U.S.C. § 2254 pending exhaustion of state court remedies. For the reasons stated herein, the motion is granted.

## II. BACKGROUND

Mr. Singleton was convicted by a Burlington County jury of murder, N.J. STAT. ANN. §§ 2C:11-3(a)(1), -3(a)(2); possession of a firearm for an unlawful purpose, N.J. STAT. ANN. § 2C:39-4(a); possession of a weapon for an unlawful purpose, N.J. STAT. ANN. § 2C:39-4(d); unlawful possession of a weapon, N.J. STAT. ANN. § 2C:39-5(b); hindering apprehension, N.J. STAT. ANN. § 2C:29-3(b)(1); and tampering with or fabricating evidence, N.J. STAT. ANN. § 2C:28-6(1). He was sentenced to fifty-five years in custody with an 85% parole disqualifier on September 12, 2008.

On direct appeal, the New Jersey Superior Court Appellate Division reversed Mr. Singleton's convictions based on the trial court's failure to give the proper instructions on the insanity defense. The state Supreme Court reversed and remanded to the Appellate Division for

consideration of the remainder of the direct appeal. The appellate court thereafter affirmed the convictions and sentence. After the completion of his direct appeal, Mr. Singleton filed a petition for post-conviction relief ("PCR") in the state courts on May 20, 2013. The petition was denied without an evidentiary hearing, and the New Jersey Supreme Court denied certification of the PCR petition on February 1, 2017.

Mr. Singleton submitted his § 2254 petition for mailing on October 24, 2017. Shortly thereafter, he filed a motion to stay the proceedings as he was exhausting his state court remedies in a second PCR petition.

### III. DISCUSSION

Mr. Singleton's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides prisoners *one* opportunity, except in limited circumstances, to challenge the legality of their detention pursuant to the judgment of a state court. Petitioners must also exhaust the remedies available in state courts before a federal court can grant a § 2254 petition unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the application." 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii).

Mr. Singleton's motion indicates he wishes to add several admittedly-unexhausted claims to his § 2254 petition. His petition is therefore "mixed," "that is, . . . containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Under *Rhines*, this Court has discretion to stay the § 2254 proceedings in limited circumstances. *See id.* at 277 ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a

2

petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."). "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Court finds that a stay and abeyance is appropriate in this case due to the likelihood of timeliness concerns under AEDPA's one-year statute of limitations if this Court were to dismiss the mixed petition. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) ("Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition."). Mr. Singleton indicates the failure to exhaust was due to the ineffective assistance of trial and PCR counsel. Without deciding whether there was in fact ineffective assistance, said ineffective assistance may excuse a failure to exhaust. *See, e.g., Martinez v. Ryan*, 566 U.S. 1 (2012). It is not clear from the face of the petition that Mr. Singleton is not entitled to relief, *see* 28 U.S.C. § 2254 Rule 4, and there are no indications of abusive litigation tactics or intentional delay. The Court will therefore stay the proceedings to permit Mr. Singleton to present his claims in the state courts for them to decide in the first instance.

Mr. Singleton shall file his second PCR petition in the state courts within 30 days of this Opinion and Order, if he has not already done so. Within 30 days of the conclusion of state court proceedings, Mr. Singleton shall file an amended § 2254 petition in this Court containing all of the grounds he wishes the Court to review.

## IV.  CONCLUSION

For the foregoing reasons, Mr. Singleton's motion to stay is granted. An appropriate order will be entered.


DATED:  January 3, 2018                                      s/Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge