<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOYCE SINGLETON,<br><br>                     Petitioner,<br><br>              v.<br><br>STEVEN JOHNSON, et al.,<br><br>                     Respondents. | Civil Action No. 17-10729 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Respondents' motion to dismiss Petitioner's amended habeas petition. (ECF No. 25.) Also before the Court is Petitioner's motion seeking appointed counsel filed in response to the motion to dismiss. (ECF No. 26.) For the following reasons, both motions shall be denied.

I.     <u>**BACKGROUND**</u>

Following a jury trial, Petitioner was convicted on charges including murder, hindering apprehension, tampering with evidence, and unlawful possession of a weapon, and was sentenced to fifty-five years imprisonment. (ECF No. 25-5 at 6.) The Appellate Division reversed that conviction on appeal in February 2011. (ECF No. 25-6.) The New Jersey Supreme Court thereafter reversed the decision of the Appellate Division and remanded the matter for the Appellate Division to consider additional claims in the first instance. (ECF No. 25-8.) In November 2012, the Appellate Division affirmed Petitioner's conviction and sentence. (ECF No.

25-10.) The New Jersey Supreme Court denied certification on June 28, 2013. (ECF No. 25-12.) Petitioner did not seek certiorari.

On May 20, 2013, Petitioner filed a petition for post-conviction relief. (ECF No. 25-13.) That petition was ultimately denied on June 18, 2014. (ECF No. 25-15.) Petitioner did not timely appeal, but instead filed a motion to appeal as within time on October 27, 2014. (ECF No. 25-17.) The Appellate Division granted that motion and ultimately affirmed the denial of PCR relief on October 12, 2016. (ECF No. 25-19.) Petitioner filed a timely notice of petition of certification, which was denied on January 30, 2017. (ECF No. 25-21.) Petitioner thereafter filed his initial habeas petition in this matter on October 24, 2017. (ECF No. 1.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state courts. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015).

## III. DISCUSSION

### A. Respondents' timeliness argument

In their motion to dismiss, Respondents contend that Petitioner's habeas petition must be dismissed as untimely filed. Petitions for a writ of habeas corpus are subject to a one-year statute of limitations. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most cases, including this one, that limitations period runs from the date on which the petitioner's conviction became final following the conclusion of direct appellate review, including the ninety-day period in which Petitioner could have but did not file a petition for certiorari with the Supreme Court. *Ross* 712 F.3d at 798; *Jenkins*, 705 F.3d at 84; *see also* 28 U.S.C. § 2244(d)(1)(A). In this matter, Petitioner's conviction became final on September 26, 2013, ninety days after the New Jersey Supreme Court denied his petition for certification.[1] Absent a basis for tolling, Petitioner's one year limitations period would have expired one year later in September 2014.

---

[1] Respondents attempt to argue in their motion that Petitioner should be penalized for his failures to timely appeal prior to the date on which his conviction became final. These arguments, however, ignore that the habeas limitations period does not run *until* the petitioner's conviction becomes final. Any procedural failings on Petitioner's part prior to that point are irrelevant to the calculation of his limitations period.

3

Petitions for a writ of habeas corpus brought pursuant to § 2254 are subject to statutory tolling while a properly filed PCR petition or collateral attack remains "pending" before the state courts. *Jenkins*, 705 F.3d at 85. A state court PCR petition will be considered "properly filed" only where it is filed in accordance with all of the state courts' "time limits, no matter their form." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). While a PCR will be considered to remain pending following an adverse final decision by a trial level PCR court, that petition will cease to remain pending once the time for filing a timely appeal expires and the PCR appeal will not be considered to have resumed its "pending" status after this time expires until the petitioner actually files a notice of appeal. *See Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Swartz v. Meyers*, 204 F.3d 417, 420-24, 423 n. 6 (3d Cir. 2000); *Thompson v. Admin N.J. State Prison*, 701 F. App'x 118, 121-23 (3d Cir. 2017). Under the New Jersey court rules, a direct appeal from the denial of a PCR petition must be filed within forty-five days of the denial of the petition. N.J. Ct. R. 2:4-1. A petition for certification before the New Jersey Supreme Court must in turn be filed within twenty days of an adverse decision by the Appellate Division. *See* N.J. Ct. R. 2:12-3.

Here, Petitioner filed his PCR petition before his conviction became final, and it remained pending until he failed to timely appeal the denial of his PCR petition by August 2, 2014. Eighty six (86) days of the one year limitation period expired before Petitioner's habeas petition resumed pending status upon the filing of his late notice of appeal and motion to appeal as within time. His PCR appeal remained pending until the New Jersey Supreme Court denied certification on January 30, 2017. Two-hundred and sixty-seven (267) further days elapsed before Petitioner filed his habeas petition on October 24, 2017. In total, three-hundred and fifty-three (353) untolled days of the one year limitations period elapsed before Petitioner filed his habeas petition. As Petitioner's petition was filed within the one-year limitations period, his petition is timely.

4

## B. Respondents' Exhaustion Argument

Respondents next contend that Petitioner's amended habeas petition is unexhausted and must be dismissed as such. A habeas petition "cannot proceed unless all meritorious claims have been exhausted in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). As the exhaustion rule requires a habeas petitioner to afford the state courts the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief, a habeas petition challenging a New Jersey judgment of conviction must fairly present each alleged federal ground for relief raised in his habeas petition to all three levels of the New Jersey state courts – the Law Division, Appellate Division, and New Jersey Supreme Court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015).

In this matter, Petitioner was granted a stay to return to state court to exhaust his claims. In granting Petitioner a stay, however, Judge Kugler expressly warned Petitioner that if he failed to properly exhaust his claims in state court and promptly return to this Court following the full exhaustion of his claims, Petitioner's habeas petition would be subject to dismissal. (*See* ECF No. 25-24 at 2.) Although Petitioner filed a second PCR petition in state court (ECF No. 25-28), that petition was denied in February 2019. (ECF No. 25-32.) Petitioner appealed, but that appeal resulted in the affirmance of the denial of his second PCR petition in January 2021. (ECF No. 25-

5

25.) Petitioner did not file a petition for certification with the New Jersey Supreme Court. As such, all of the claims which were first raised during this second round of PCR proceedings were not fully exhausted.

Respondents, in their motion, however, identify only two claims they believe are unexhausted: his claims, in ground five of his amended petition, that trial counsel failed to question the state's witness on his administration of the MMPI-2 mental health assessment, and his argument that trial counsel failed to object to the state's expert witness being present in the court room for the defense's expert witness's testimony. (*See* ECF No. 25-1 at 18.) Although the version of these claims raised in the second PCR petition would be unexhausted if that had been the only place in which they had been raised, Petitioner raised these exact same claims during his first PCR appeal. (*See* ECF No. 25-19 at 1-2.) Petitioner did petition for certification as to this first PCR petition, and it therefore appears that these two claims were fully exhausted, notwithstanding Petitioner's attempts to raise them a second time during his second PCR proceedings. It thus appears that all five of the claims contained in Petitioner's amended habeas petition have been exhausted, and this Court must therefore deny Respondents' motion.[2]

### C. Petitioner's motion seeking the appointment of counsel

Finally, the Court turns to Petitioner's motion seeking appointed counsel. (ECF No. 26.) In that motion, Petitioner asserts only that he is a "special needs" prisoner and therefore requests appointed counsel. Petitioner does not attempt to explain why he needs appointed counsel, or how the appointment of counsel would be in the interests of justice in this matter. Petitioner also fails to even attempt to establish his indigence.

---

[2] To the extent Respondents believe some other claim of Petitioner's is not properly exhausted, they may raise that issue by way of the answer they must file following this Court's order and opinion.

"There is no Sixth Amendment right to appointment of counsel in habeas proceedings." *Shelton v. Hollingsworth*, No. 15-1249, 2015 WL 2400780 at *3 (D.N.J. May 18, 2015). A district court may, however, appoint counsel under 18 U.S.C. § 3006A(a)(2)(B) where the petitioner has shown that he is indigent and "the interests of justice so require." *Id.* (quoting 18 U.S.C. § 3006A). As Petitioner paid the filing fee in this matter and has failed to even attempt to show his indigence, and as Petitioner has not attempted to establish why it would be in the interests of justice to appoint him counsel in this matter, Petitioner's motion seeking appointed counsel shall be denied without prejudice.

## IV.    CONCLUSION

For the reasons expressed above, Respondents motion to dismiss (ECF No. 25) is **DENIED**, and Petitioner's motion seeking appointed counsel (ECF NO. 26) is **DENIED WITHOUT PREJUDICE**. An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge